IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONTE LAMONT HUNT,

        Petitioner,        3:12-cv-0055-CL

        v.        REPORT AND RECOMMENDATION

UNITED STATES OF AMERICA,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner, an inmate in the custody of the Bureau of Prisons (BOP), filed a petition under 28 U.S.C. §§ 2255 *and* 2241 challenging his sentences on drug and firearms convictions and seeking to be re-sentenced under the Fair Sentencing Act of 2010. Petition (#1) p. 5. Respondent now moves to dismiss on the ground that "[r]egardless of how it is styled, it is a successive motion for relief under 28 U.S.C.

1 - REPORT AND RECOMMENDATION

§ 2255, for which [petitioner] neither sought nor received the required certification from the Ninth Circuit Court of Appeals. Accordingly, this court is without jurisdiction to consider it." Motion to Dismiss (#10), p. 1.

The relevant facts are as follows: On December 15, 2004, petitioner pled guilty to two counts of possession with intent to distribute more than five grams of cocain base, in violation of 21 U.S.C. § 841(a)(1) and one count of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

On September 23, 2005, Judge Brown sentenced petitioner to concurrent terms of imprisonment of 180 months on the two drug counts, and a consecutive sentence of 60 months on the § 923(c) count.

On September 26, 2006, petitioner filed a pro se motion for relief under 28 U.S.C. § 2255. Thereafter petitioner was appointed counsel who filed an amended § 2255 motion alleging numerous claims of ineffective assistance of counsel. On October 31, 2007, Judge Brown issued an opinion and order denying petitioner's § 2255 motion on the merits.

On January 13, 2012, petitioner filed the petition before the court challenging his sentence on two grounds. In his first claim for relief, petitioner argues that the two prior convictions used to enhance the mandatory minimum sentence on

the two drug counts were "non-aggravated" and therefore "don't qualify as priors." Petition (#1) p. 4. In his second claim, petitioner asks the court to retroactively apply the Fair Sentencing Act of 2010 to his sentence. Id., p. 5.

Section 2255(a) provides an avenue for relief for federal prisoners who claim that their sentence was "imposed in violation of the Constitution or law of the United States," that the sentencing court lacked jurisdiction to impose the sentence, or that the sentence "was in excess of the maximum authorized by law." or is "otherwise subject to collateral attack."

Section 2255(h) provides that a "second or successive motion must be certified" by a panel of the "appropriate court of appeals" to contain:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

See also, United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011) (a second or successive § 2255 motion "cannot be considered unless it has first been certified by the court of appeals") cert. denied, __ S.Ct. __, 2012 WL 170573 (U.S. Feb

3 - REPORT AND RECOMMENDATION

21, 2012).

Respondent argues that because petitioner "is challenging the legality of his sentence and is seeking to be sentenced anew, his petition for a writ of habeas corpus is actually a motion for relief under § 2255. Because this would be his *second* motion for relief under § 2255, and because [petitioner] failed to seek or receive certification from the Ninth Circuit before filing it, it is a successive petition which this court lacks jurisdiction to consider." Motion to Dismiss (#10) p. 3-4.

Petitioner argues that "[i]n very limited circumstances, prisoners may challenge their detentions by filing a habeas corpus petition under [title 28 §§ 2241 & 2255(e)]. However, the 'savings clause' of § 2255 forbids this court from entertaining petitioner's (sic) under § 2241 unless § 2255 is 'inadequate or ineffective.' The Ninth Circuit has narrowly read 'inadequate and ineffective' and only prisoners claiming actual innocence have been permitted to invoke § 2241." Reply Brief (#11) p. 11. Petitioner argues that he is actually innocent and that his first § 2255 motion was "inadequate and ineffective." Id.

A prisoner may only resort to § 2241 where he "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim."

4 - REPORT AND RECOMMENDATION

Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks and citations omitted).

In this case, petitioner's claim of actual innocence is based on the argument that the statute under which he was convicted "changed after a direct appeal and first § 2255 motion so the original facts that petitioner had been sentenced under would be deemed not criminal to the extent that the rules had changed." Reply Brief (#11) p. 2.[1] Petitioner further argues that because his claim in this proceeding did not exist until after he was sentenced, his first § 2255 motion was "inadequate and ineffective." Id.

Petitioner's argument is unavailing. See, Muth v. Fondren, __ F.3d __, 2012 WL 1090079 at *1 (9th Cir. April 3, 2012). In Muth, the petitioner was convicted of possession of methamphetamine with intent to distribute and using a firearm in relation to a drug trafficking offense. He petitioned for a writ of habeas corpus under §2241 in the district in which he was incarcerated, claiming that he was "actually innocent" of the firearms charge in light of an intervening Supreme Court decision. The district court concluded that the petition was a disguised § 2255 motion and transferred it to

---

[1] Petitioner refers to the Fair Sentencing Act of 2010, which reduced the penalties for certain crack cocaine offenses. However, that law "is not retroactive to sentences imposed prior to August 3, 2010." United States v. Sykes, 658 F.3d 1140, 1148 (9th Cir. 2011).

5 - REPORT AND RECOMMENDATION

the District of Montana, where the defendant was sentenced. The Montana court determined that the defendant was not actually innocent, dismissed the motion on the merits, and declined to issue a certificate of appealability. On appeal, the petitioner claimed that his petition was properly brought under § 2241. The Ninth Circuit disagreed.

The court held that in order to establish actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id., quoting Bousley v. United States, 523 U.S. 614, 623 (1998). Actual innocence "means factual innocence, not mere legal insufficiency." Muth, 2012 WL 1090079 at *3.

The petitioner in Muth claimed that he was actually innocent of using a firearm in relation to a drug trafficking offense in light of an intervening Supreme Court decision which held that a person who receives a firearm in exchange for drugs does not "use" the firearm for purposes of 18 U.S.C. § 924(c). However, the petitioner's statements at the change of plea hearing established that he *supplied* a firearm in exchange for drugs, which *does* constitute "use" of a firearm under § 924(c). Id. *3-5. Since a petitioner's own statements

at the plea colloquy "carry a strong presumption of truth," he could not establish actual innocence. <u>Id</u>. at *5-6 Accordingly, his petition was "properly construed as a § 2255 motion," and correctly denied on the merits. <u>Id</u>.

The same result is warranted in this case. Petitioner has not established that he is actually innocent of any of the charges to which he pled guilty. Petitioner's § 2241 petition is, in reality a disguised § 2255 motion challenging the lawfulness of his sentence and seeking to be re-sentenced. Because petitioner is challenging the legality of his sentence his petition is in essence a motion for relief under § 2255.[2] Because the petition is petitioner's second § 2255 motion, he is required to obtain certification from the Ninth Circuit before filing it. See, 28 U.S.C. § 2255(h); <u>United States v. Washington</u>, supra. Because he has not done so, this court lacks jurisdiction to consider the motion on the merits. <u>Id</u>., 1065.

Respondent's Motion to Dismiss (#10) should be allowed. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

---

[2] As noted above, petitioner cites 28 U.S.C. § 2255 as one of the basis for the court's jurisdiction. Petition (#1), p. 1.

7 - REPORT AND RECOMMENDATION

Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 24 day of October, 2012.

Mark D. Clarke
United States Magistrate Judge